[No. 81939-4.   En Banc.]
Argued October 11, 2011.     Decided February 2, 2012.

*In the Matter of the Personal Restraint of* JAMES EASTMOND,
*Petitioner.*

*Suzanne L. Elliott*, for petitioner.

*Mark K. Roe, Prosecuting Attorney*, and *Thomas M. Curtis* and *Seth Aaron Fine, Deputies*, for respondent.

¶1 OWENS, J. — James Eastmond was convicted of first degree robbery and first degree burglary. At sentencing, the trial court imposed a firearm sentence enhancement for each count based on the jury's determination that Eastmond was armed with a deadly weapon. While Eastmond's case remained on direct appeal, we decided *State v. Recuenco*, 154 Wn.2d 156, 110 P.3d 188 (2005) (*Recuenco* I), *rev'd on other grounds by* 548 U.S. 212, 126 S. Ct. 2546, 165 L. Ed. 2d 466 (2006) (*Recuenco* II), in which we recognized that such sentences violated the Sixth Amendment to the United States Constitution. *Id.* at 162-63. By personal restraint petition, Eastmond now challenges the imposition of the firearm sentence enhancements. The central question presented in this case is whether, in these circumstances, prejudice should be conclusively presumed on collateral review, as we recently held that it is on direct review, *see State v. Williams-Walker*, 167 Wn.2d 889, 901, 225 P.3d 913 (2010), or whether Eastmond must demonstrate actual prejudice. We hold that the rule announced in *Williams-Walker* is a new rule that does not apply retroactively. Accordingly, Eastmond must demonstrate actual prejudice. Because he has not done so, we dismiss his petition.

## FACTS

¶2 In 2000, the State filed an amended information charging Eastmond with first degree robbery and first degree burglary. With respect to each count, the State alleged in the amended information "that at the time of the commission of the crime, the defendant or an accomplice was armed with a firearm, as provided and defined in RCW 9.94A.310, RCW 9.41.010, and RCW 9.94A.125." Pers. Restraint Pet. & Apps., App. 1. In addition to the general verdict forms, the court submitted special verdict forms for each count, asking whether Eastmond was "armed with a deadly weapon at the time of the commission of the crime." *Id.* App. 4. The jury found Eastmond guilty of both counts and answered "Yes" on both special verdict forms. *Id.*

¶3 Eastmond was ultimately sentenced to 36 months of imprisonment for the robbery conviction and 21 months for the burglary conviction, to run concurrently. The court also imposed two firearm sentence enhancements of 60 months each, to run consecutively, yielding a total maximum term of confinement of 156 months. The Court of Appeals affirmed Eastmond's sentence. *State v. Eastmond*, noted at 125 Wn. App. 1028, 2005 WL 221889, at *3, 2005 Wash. App. LEXIS 189, at *7. Eastmond petitioned this court for review. While his petition was pending, we decided *Recuenco* I, and Eastmond, in May 2005, was given permission to file a supplemental brief addressing the effect of *Recuenco* I on his case. We denied Eastmond's petition for review on October 2, 2007, *State v. Eastmond*, 161 Wn.2d 1015, 171 P.3d 1056 (2007), and the Court of Appeals issued its mandate on November 16, 2007.

## ISSUE

¶4 Is Eastmond entitled to relief from his firearm sentence enhancement on collateral review?

## ANALYSIS

A. Deadly Weapon Sentence Enhancements and the Sixth Amendment

¶5 Before addressing the unique facts presented by Eastmond's petition, it is first useful to address the context in which this case arises. In Washington there are two types of deadly weapon sentence enhancements: firearm sentence enhancements and deadly-weapon-other-than-a-firearm sentence enhancements.[1] RCW 9.94A.533(3), (4); *see also In*

---

[1] The term "deadly-weapon-other-than-a-firearm sentence enhancement" is, understandably, sometimes referred to simply as a "deadly weapon sentence enhancement." This shortened expression technically creates ambiguity, as it could refer to either the general category of deadly weapon enhancements, which comprises both firearms and deadly weapons other than firearms, or the subset of deadly weapon enhancements not involving firearms. Though the latter use of the

*re Pers. Restraint of Cruze*, 169 Wn.2d 422, 430, 237 P.3d 274 (2010). Prior to *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), Washington courts held that it was not error for the jury to determine only that the defendant was armed with a deadly weapon and, at sentencing, for the trial court to determine which of the two deadly weapon sentence enhancements applied. *See, e.g., State v. Rai*, 97 Wn. App. 307, 310-12, 983 P.2d 712 (1999); *State v. Meggyesy*, 90 Wn. App. 693, 707-09, 958 P.2d 319 (1998); *cf. State v. Thorne*, 129 Wn.2d 736, 782, 921 P.2d 514 (1996) (stating that "[t]here is no *constitutional* requirement that a deadly weapon finding be made by the jury; if it is a sentencing factor, the sentencing court may make that finding"). *Blakely* put an end to this practice. In *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely* clarified that the " 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" 542 U.S. at 303.

¶6 In *Recuenco* I, we recognized that "[w]ithout an explicit firearm finding by the jury, the court's imposition of a firearm sentence enhancement" violates a criminal defendant's Sixth Amendment jury trial right, as announced in *Apprendi* and *Blakely*. 154 Wn.2d at 162. We further held that *Blakely* "violations can never be deemed harmless." *Id.* at 164. The United States Supreme Court granted certiorari and reversed our judgment, holding that "[f]ailure to submit a sentencing factor to the jury . . . is not structural error" and, therefore, is subject to harmless error analysis. *Recuenco* II, 548 U.S. at 222.

---

term is best avoided, context generally makes the intended meaning clear. One possible alternative is to refer to the respective enhancements as "firearm deadly weapon enhancements" and "nonfirearm deadly weapon enhancements."

¶7 On remand following *Recuenco* II, we addressed whether imposition of a firearm enhancement following only a deadly weapon finding was subject to harmless error analysis under state law. *State v. Recuenco*, 163 Wn.2d 428, 431, 180 P.3d 1276 (2008) (*Recuenco* III). We acknowledged that the error addressed in *Recuenco* I "was an error of judicial fact finding." *Id.* at 441. However, we reframed the error in *Recuenco* III as one of judicial usurpation of the State's authority to select the appropriate charges and failure to give the defendant notice of the enhancement imposed. *Id.* at 433-34, 441-42. The State had not provided notice to Recuenco that it intended to seek the greater firearm sentence enhancement, indicating that only the lesser deadly-weapon-other-than-a-firearm sentence enhancement was sought. *Id.* at 436-37. The jury returned a corresponding verdict.[2] *Id.* at 436. The sentence enhancement sought by the State and found by the jury was simply the deadly-weapon-other-than-a-firearm enhancement. In light of this, "[t]he trial court simply exceeded its authority in imposing a sentence not authorized by the charges." *Id.* at 442. By a vote of five to four, we held that this error could never be harmless. *Id.* In doing so, we distinguished *Neder v. United States*, 527 U.S. 1, 119 S. Ct. 1827, 144 L. Ed. 2d 35 (1999), relied on by the Supreme Court in *Recuenco* II, 548 U.S. at 218-22, on the basis that "[i]n *Neder*, the defendant received notice because he was properly charged." *Recuenco* III, 163 Wn.2d at 441.

¶8 We recently built on *Recuenco* III in *Williams-Walker*. *Williams-Walker* involved three consolidated cases. In two of the consolidated cases, use of a firearm was an element of the underlying conviction and, by virtue of a guilty verdict, had been found by the jury beyond a reasonable doubt. *Williams-Walker*, 167 Wn.2d at 894. In the third case, the State included the firearm sentence enhancement in the

---

[2] Implicit in our holdings in *Recuenco* I and *Recuenco* III is that where a jury finds only that the defendant was armed with an unspecified "deadly weapon," the lesser deadly-weapon-other-than-a-firearm enhancement is authorized.

charging document. *Id.* at 893. In all three consolidated cases, however, the jury was asked only whether the defendant was armed with an unspecified " 'deadly weapon.' " *Id.* at 893-94. Acknowledging that this "present[ed] a different and much closer question," we held that a firearm sentence enhancement is permissible only where the jury makes the firearm finding by special verdict. *Id.* at 898. We also held that imposition of the firearm sentence enhancement can never be harmless error, even where use of a firearm is alleged in the charging document or necessarily found as part of the underlying conviction. *Id.* at 898-902. Though the holding in *Williams-Walker* involved several rules, in this opinion we use the term "*Williams-Walker* rule" to refer to the holding that an imposed sentence enhancement included in the charging document but not found by the jury can never be harmless error.

### B. Is Eastmond Entitled to Relief on Collateral Review?

¶9 Eastmond's case is before this court on collateral review by means of a personal restraint petition. "We have limited the availability of collateral relief because it undermines the principles of finality of litigation, degrades the prominence of trial, and sometimes deprives society of the right to punish admitted offenders." *In re Pers. Restraint of St. Pierre*, 118 Wn.2d 321, 329, 823 P.2d 492 (1992). One limitation on the availability of collateral relief is the limited applicability of new rules of criminal procedure. A personal restraint petitioner is entitled to the benefit of a new rule for the conduct of criminal prosecutions only if (1) the rule was announced before the petitioner's direct appeal became final or (2) the rule is announced after the petitioner's conviction became final and "(a) . . . places certain kinds of primary, private individual conduct beyond the power of the state to proscribe, or (b) . . . requires the observance of procedures implicit in the concept of ordered liberty." *Id.* at 326.

¶10 Because this is a personal restraint petition, Eastmond has the burden of establishing both error and,

because the error asserted is constitutional in nature, actual prejudice. *In re Pers. Restraint of Elmore*, 162 Wn.2d 236, 251, 172 P.3d 335 (2007). This showing must be made by a preponderance of the evidence. *St. Pierre*, 118 Wn.2d at 328.

¶11 The State concedes constitutional error in the imposition of Eastmond's sentence. We accept the State's concession. Eastmond's conviction became final when the Court of Appeals issued its mandate on November 16, 2007. As such, he is entitled to the benefit of those cases decided prior to that date, including *Apprendi*, *Blakely*, *Recuenco* I, and *Recuenco* II. Under *Apprendi*, *Blakely*, and *Recuenco* I, it was constitutional error for the sentencing court to impose the firearm sentence enhancement when the jury did not determine that Eastmond was armed with a firearm. *See Recuenco* I, 154 Wn.2d at 162-63. At the time that Eastmond's conviction became final, this error was treated as "an error of judicial fact finding." *Recuenco* III, 163 Wn.2d at 441. Only after Eastmond's conviction became final did we recharacterize the error. *See id.*

¶12 Eastmond must still demonstrate actual prejudice arising from the constitutional error. Eastmond contends that under the *Williams-Walker* rule, harmless error analysis does not apply and, consequently, he need not demonstrate prejudice.[3] *Williams-Walker*, however, was decided after Eastmond's conviction became final. As such, we must determine whether it announced a new rule. A rule is "new" if it "breaks new ground or . . . if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Teague v. Lane*, 489 U.S. 288, 301, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989) (citations omitted). "If before the opinion is announced, reasonable jurists could disagree

---

[3] Eastmond's argument necessarily presumes that an error that is not subject to harmless error analysis under *Williams-Walker* is per se prejudicial on collateral review. This issue is governed by *St. Pierre*. Because we conclude that the *Williams-Walker* rule is a new rule of criminal procedure, we do not address whether it would be per se prejudicial on collateral review.

on the rule of law, the rule is new." *State v. Evans*, 154 Wn.2d 438, 444, 114 P.3d 627 (2005).

¶13  At the time that Eastmond's conviction became final, precedent did not dictate the conclusion that imposition of a firearm sentence enhancement in the absence of a firearm finding by a jury could never be harmless error. To the contrary, the United States Supreme Court had just announced that such an error *could* be deemed harmless. *Recuenco* II, 548 U.S. at 222. Eastmond relies exclusively on *Apprendi* and *Blakely* to support his argument that *Williams-Walker* did not announce a new rule. In light of *Recuenco* II, however, that argument is untenable; even if *Apprendi* and *Blakely* had announced that the errors they identified could never be harmless—which they certainly did not—that holding would have been overruled by *Recuenco* II. Even if the *Williams-Walker* rule was dictated by *Recuenco* III, the conclusion that the error in *Recuenco* III could never be harmless was also a new rule announced after Eastmond's conviction became final. In *Recuenco* III, four justices not only reasonably believed the majority's harmless error rule was not compelled by existing precedent but, to the contrary, believed that existing precedent compelled the *opposite* result. 163 Wn.2d at 443-47 (Fairhurst, J., dissenting). Reasonable jurists could and did disagree on the rule of law. As such, even if it was compelled by *Recuenco* III, the *Williams-Walker* rule is a "new rule" as to Eastmond.

¶14  Eastmond does not argue, nor could he, that the *Williams-Walker* rule applies retroactively to his case on collateral review. The rule that the erroneous imposition of a firearm sentence enhancement can never be harmless error neither "place[s] certain kinds of primary, private individual conduct beyond the power of the state to proscribe" nor is it a "procedure[ ] implicit in the concept of ordered liberty." *St. Pierre*, 118 Wn.2d at 326. It is, therefore, not retroactive, and Eastmond is not entitled to the benefit of the new rule in a collateral proceeding.

¶15 Because Eastmond is not entitled to the rule that imposition of a firearm sentence enhancement without a corresponding jury verdict is per se prejudicial, he bears the burden of establishing, by a preponderance of the evidence, actual prejudice. The relevant inquiry is "whether the jury would have returned the same verdict absent the error." *Recuenco* II, 548 U.S. at 221. Thus, it is not enough to show that the firearm sentence enhancement carried a greater sentence than a deadly-weapon-other-than-a-firearm sentence enhancement would have. Eastmond has offered no evidence or argument to the effect that the jury would not have returned a firearm verdict had it been presented. Because the demonstration of prejudice is Eastmond's burden and he has adduced no evidence in support of it, he has not met his burden.[4] As such, we must deny his personal restraint petition.[5]

¶16 We acknowledge that imposition of 120 additional months of imprisonment for an accomplice's use of a firearm, where the petitioner's sentence on the underlying convictions was only 36 months, may appear to some to be disproportionate and draconian. However, provided that the sentence runs afoul of neither the Eighth Amendment to the United States Constitution nor article I, section 14 of the Washington Constitution—and there is no assertion in this case of any such constitutional violation—it is for the people, through their representatives in the legislature or the initiative process, to determine the appropriate sentences. *State v. Ammons*, 105 Wn.2d 175, 180, 713 P.2d 719,

---

[4] The dissent claims that in light of our holding, "it is hard to imagine what would" constitute actual prejudice. Dissent at 642. This is a rather alarming failure of imagination. For instance, demonstrating that the record was equivocal as to whether the deadly weapon with which the defendant was armed was in fact a firearm would likely be sufficient to demonstrate actual prejudice. Eastmond has not done so.

[5] Eastmond also requests that we recall the mandate issued in his direct appeal, citing to RAP 2.5(c)(2). RAP 2.5(c) is limited to cases "again before the appellate court following a remand." It is plainly inapplicable here. RAP 12.9(b), though closer to the mark, is also unhelpful to Eastmond as there was no "inadvertent mistake" or "fraud of a party or counsel." Accordingly, we decline to recall the mandate in Eastmond's direct appeal.

718 P.2d 796 (1986) ("[T]he fixing of legal punishments for criminal offenses is a legislative function.").

## CONCLUSION

¶17 The *Williams-Walker* rule—that imposition of a firearm sentence enhancement where the State has charged but the jury has not found use of a firearm can never be harmless error—is a new rule that is not retroactive to cases that were not pending at the time that *Williams-Walker* was decided.[6] Because prejudice is therefore not presumed and Eastmond has failed to meet his burden of establishing actual prejudice, we must dismiss Eastmond's personal restraint petition.

MADSEN, C.J., and CHAMBERS, FAIRHURST, J.M. JOHNSON, STEPHENS, and WIGGINS, JJ., concur.

¶18 C. JOHNSON, J. (dissenting) — The majority concludes correctly that it was constitutional error for the sentencing court to impose a firearm sentence enhancement when the jury did not determine that the defendant was armed with a firearm. It then concludes, incredibly, that the defendant was not prejudiced by the unconstitutional imposition of 120 additional months of imprisonment for the firearm enhancements. The defendant in this case was sentenced for something the jury did not convict him of. If being sentenced and serving time for something the jury did not find does not amount to actual prejudice, it is hard to imagine what would.

ALEXANDER, J. PRO TEM., concurs with C. JOHNSON, J.

Reconsideration denied March 7, 2012.

---

[6] We do not decide here whether the result in *Williams-Walker* was compelled by *Recuenco III*.