IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 39045-4-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID ABRAHANTE, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

COONEY, J. — Following a conviction for third degree assault, David Abrahante, having been found indigent by the trial court, argues that requiring him to pay a $500 victim penalty assessment (VPA) violates the excessive fines clauses of the state and federal constitutions.

In 2023, the legislature amended RCW 7.68.035 to prohibit trial courts from imposing a VPA on indigent defendants. Because Mr. Abrahante was found indigent at the time of sentencing, we remand for the trial court to strike the VPA from the judgment and sentence. We decline to address his constitutional challenges.

PROCEDURE

The State charged Mr. Abrahante with one count of third degree assault that arose from an incident on October 6, 2021. On May 2, 2022, Mr. Abrahante pleaded guilty. On June 14, 2022, Mr. Abrahante was sentenced to 19 months of incarceration,

12 months of community custody, and ordered to pay a $500 VPA.  Due to Mr. Abrahante's indigency, the trial court waived the $200 criminal filing fee.

ANALYSIS

Mr. Abrahante contends that requiring him to pay the VPA violates the excessive fines clauses of the United States Constitution amendment VIII and the Washington State Constitution article I, section 14.  In applying the current provisions of RCW 7.68.035, the relief Mr. Abrahante seeks may be granted without consideration of his constitutional challenges.  *See In re Citizen Complaint by Stout*, 198 Wn.2d 180, 184, 493 P.3d 1170 (2021) (citing *State v. Hall*, 95 Wn.2d 536, 539, 627 P.2d 101 (1981)).  Under the doctrine of constitutional avoidance, we decline to address his constitutional challenges.

Former RCW 7.68.035(1)(a) (2018) required a VPA be imposed on any individual found guilty of a crime in superior court.  Effective July 1, 2023, the legislature amended RCW 7.68.035 to preclude superior courts from imposing a VPA on a defendant who, at the time of sentencing, is found to be indigent as defined in RCW 10.01.160(3).  *See* LAWS OF 2023, ch. 449, § 1(4).  Statutory amendments related to costs imposed upon conviction apply to cases pending on appeal.  *See In re Per. Restraint of Eastmond*, 173 Wn.2d 632, 638, 272 P.3d 188 (2012); *State v. Ramirez*, 191 Wn.2d 732, 748-49, 426 P.3d 714 (2018).  Here, because Mr. Abrahante's case is on direct appeal, amended RCW 7.68.035 applies.

No. 39045-4-III
*State v. Abrahante*

The trial court expressly found Mr. Abrahante indigent at the time of sentencing. Accordingly, the superior court is precluded from imposing a VPA against him. We reverse and remand for the trial court to strike the VPA from the judgment and sentence.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Cooney, J.

WE CONCUR:


_____
Pennell, J.


_____
Staab, J.

3