**FILED**
**June 12, 2025**
**In the Office of the Clerk of Court**
**WA State Court of Appeals,**
**Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 39658-4-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JAIME LEYVA-BLANCO, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

FEARING, J. — Jaime Leyva-Blanco (Leyva) appeals his convictions for felony violation of a no-contact order and interfering with domestic violence reporting. He contends the State failed to introduce evidence supporting one or more alternate means of each crime. Because the State during closing elected the alternate means on which it relied to convict Leyva of each crime and because substantial evidence supports the elected means, we reject Leyva's appeal from his convictions. We strike, however, some of his community custody conditions and his victim penalty assessment.

FACTS

This prosecution arises from the relationship between Jaime Leyva-Blanco and his wife, Isabel Trevino, a pseudonym. The two married in 2006. On October 25, 2021, the Chelan County Superior Court issued a one-year domestic violence no-contact order against Leyva and protecting Trevino.

On February 25, 2022, Jaime Leyva- Blanco traveled to Isabel Trevino's house and approached her door. Trevino reposed in the living room with her children. She

attempted to call 911. Leyva saw Trevino speaking on the phone, forced open the home's front door, and entered the home. Leyva seized the phone from Trevino and prevented her from answering dispatch when it called her back later. Leyva pushed Trevino against the couch, leaving a mark on her arm. When Leyva exited the home, Trevino phoned 911 again.

## PROCEDURE

The State of Washington charged Jaime Leyva-Blanco with first degree burglary, felony violation of a no-contact order, fourth degree assault, third degree malicious mischief, and interfering with reporting domestic violence. The first four charges carried domestic violence aggravators. An accused may commit both felony violation of a no-contact order and interfering with reporting domestic violence by alternative means.

The trial court instructed the jury on the elements of felony violation of a no-contact order:

> INSTRUCTION NO. 17
> To convict the defendant of the crime of felony violation of a court order as charged in Count II of the information, each of the following five elements of the crime must be proved beyond a reasonable doubt:
> (1) That on or about the 25th day of February, 2022, there existed a no-contact order applicable to the defendant;
> (2) That the defendant knew of the existence of this order;
> (3) That on or about said date, the defendant knowingly violated a provision of this order;
> (4) That

2

(a) the defendant's conduct was an assault, or
(b) the defendant's conduct was reckless and created a substantial risk of death or serious physical injury to another person; and
(5) That the defendant's act occurred in the State of Washington.

If you find from the evidence that elements (1), (2), (3) and (5), and any of the alternative elements (4)(a) or (4)(b) have been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty. To return a verdict of guilty, the jury need not be unanimous as to which of alternatives (4)(a) or (4)(b) has been proved beyond a reasonable doubt, as long as each juror finds that at least one alternative has been proved beyond a reasonable doubt.

On the other hand, if, after weighing all the evidence, you have a reasonable doubt as to any one of the five elements, then it will be your duty to return a verdict of not guilty.

Clerk's Papers (CP) at 39-40. Thus, the jury could find Jaime Leyva-Blanco committed the crime by either assaulting Isabel Trevino or engaging in reckless conduct that created a substantial risk of death or serious physical injury to Trevino.

The trial court instructed the jury on the elements of the crime of interfering with reporting domestic violence:

INSTRUCTION NO. 26
To convict the defendant of the crime of Interference with the Reporting of a Domestic Violence Offense as charged in Count V of the information, each of the following elements of the crime must be proved beyond a reasonable doubt:
(1) That on or about the 25th day of February 2022, the defendant committed the crime of assault in the fourth degree against [Isabel Trevino];
(2) That on that date the defendant was a family or household member of [Isabel Trevino];

3

(3) That the defendant prevented or attempted to prevent [Isabel Trevino] from calling a 911 emergency communication system or obtaining medical assistance or making a report to any law enforcement officer; and

(4) That the acts occurred in the State of Washington.

If you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty.

On the other hand, if, after weighing all of the evidence, you have a reasonable doubt as to any one of these elements, then it will be your duty to return a verdict of not guilty.

CP at 49. Thus, the jury could find Jaime Leyva-Blanco committed the crime by any of a number of means: preventing Isabel Trevino from calling 911, attempting to prevent Trevino from calling 911, preventing Trevino from obtaining medical assistance, attempting to prevent Trevino from obtaining medical assistance, preventing Trevino from reporting to law enforcement, or attempting to prevent Trevino from reporting to a law enforcement officer.

During trial closing, the State argued to convict Jaime Leyva-Blanco with felony violation of a no-contact order:

That on or about the 25th of February, there was an existing no-contact order restraining the defendant. The defendant knew about the order; that he knowingly violated it; and the defendant conducted an assault.

That no-contact order is in evidence. You'll have a chance to review it, when you deliberate. That order has a line, indicating the defendant acknowledges receiving a copy of the order, with a signed signature spot.

You'll also have the chance to review the clerk minutes from that day the order was filed, indicating that the defendant, Mr. Leyva-Blanco,

was present in court, when that was entered.

He knew he wasn't supposed to be in contact with her. From the testimony of [Isabel Trevino], he did come into contact with her, and he did assault her.

All the elements are met.

3 Report of Proceedings (RP) at 225-26. During summation, the State argued to convict Leyva with interfering with reporting domestic violence:

On or about February 25th, the defendant assaulted [Isabel Trevino] that she's a household or family member; that he prevented or attempted to prevent her from calling 911.

We've already hit on the assault a few times. And [Isabel Trevino] testified that Jaime is her husband. That constitutes a family member.

You've heard, from [Isabel Trevino], that, when Mr. Leyva-Blanco arrived at her residence, she began to call the police.

Inquired about the phone, pushed her, and she was unable to use the phone or answer it.

All the elements are met.

3 RP at 227.

The jury found Jaime Leyva-Blanco guilty of all five charged crimes. When sentencing Leyva, the trial court imposed community custody conditions that included:

[O]bey all criminal laws and shall not associate with persons known to have a felony criminal background or known to use controlled substances without the prior approval of the Department of Corrections;
. . . .
[O]btain a substance use disorder evaluation within 60 days of sentencing and shall successfully complete any recommended treatment/counseling program including but not limited to outpatient treatment for a period not to exceed two years, or inpatient treatment not to exceed the standard range for this offense.

[S]ubmit to random urinalysis, BAC, or other tests at the direction of his/her community corrections officers and at the defendant's own expense.

CP at 63. The court also imposed a $500 victim penalty assessment (VPA). The judgment and sentence reflect that the court found Leyva indigent.

LAW AND ANALYSIS

Sufficiency of Evidence for Alternate Means Crimes

Jaime Leyva-Blanco argues that insufficient evidence supports the discrete alternative means of committing a felony no-contact order violation and interfering with domestic violence reporting, counts 2 and 5. He further argues that the trial court did not require the jury to state on which alternate means it based its convictions, and the State never elected an alternate means. Therefore, he suffered an unconstitutional verdict.

In response, the State contends it sufficiently elected the means on which it sought a conviction for each crime. The State relies on *State v. Nonog*, 145 Wn. App. 802, 187 P.3d 335 (2008) to support its argument.

Article I, section 21 of the Washington Constitution guarantees a criminal defendant the right to a unanimous jury verdict. *State v. Joseph*, 3 Wn. App. 2d 365, 369, 416 P.3d 738 (2018); *State v. Sandholm*, 184 Wn.2d 726, 732, 364 P.3d 87 (2015). The law labels a crime that the accused may commit in more than one way as an "alternate means" crime. The question arises in an alternate means prosecution of whether each

juror must agree to the same means by which the accused committed the crime. In an alternative means case, the jury need not express unanimity of the means by which the crime was committed if the State supported each alternative means with sufficient evidence. *State v. Joseph*, 3 Wn. App. 2d 365, 369 (2018). This court will reverse a conviction when insufficient evidence supports at least one of the alternative means submitted to the jury. *State v. Joseph*, 3 Wn. App. 2d 365, 369 (2018); *State v. Sandholm*, 184 Wn.2d 726, 732 (2015).

The State may avoid a challenge to the sufficiency of evidence for an alternate means crime by electing the means on which it relies. *State v. Smith*, 17 Wn. App. 2d 146, 158, 484 P.3d 550 (2021). Stated differently, if the State expressly elects to rely on only one alternative means to obtain a conviction, the State need not present sufficient evidence of all alternative means in order to avoid violating the defendant's right to a unanimous verdict. *State v. Smith*, 17 Wn. App. 2d 146, 159 (2021). The State need not formally plead or incorporate the election into the information. *State v. Smith*, 17 Wn. App. 2d 146, 159 (2021). An election suffices if the State tells the jury, during closing, the means on which it relies. *State v. Smith*, 17 Wn. App. 2d 146, 159 (2021).

*State v. Smith*, 17 Wn. App. 2d 146 (2021), illustrates the State's election of an alternate means to commit a crime. A jury convicted Michael Smith of residential burglary with sexual motivation and indecent liberties with forcible compulsion. On

appeal, Smith argued the verdict violated his constitutional right to jury unanimity because insufficient evidence supported a finding he unlawfully entered the victim's house. The State argued residential burglary is not an alternative means crime. This court agreed. This court added that, assuming residential burglary to be an alternative means crime, the State had elected one means and substantial evidence supported that means. This court wrote:

> Here, the prosecutor made a clear election as to the acts constituting residential burglary. During closing argument, the prosecutor specifically stated:
>
>> The first element is that on November 17, 2017 the defendant entered or remained unlawfully in her house. *And here the issue is that he remained unlawfully. It wasn't his entry that was unlawful*. He'd come over like that before. *But it was his remaining after she told him to leave. That's the part that's unlawful*.
>> The second element is that the entering or remaining was with the intent to commit a crime against a person or property inside.
>> So *remaining unlawfully*, your instructions 13 tells you about that. *When someone is not invited—not invited to stay, that is enough*. The defendant was not invited. She repeatedly told him to leave. *He was remaining unlawfully*.

*State v. Smith*, 17 Wn. App. 2d 146, 159–60 (2021).

## Felony Violation of a No-Contact Order

To repeat, the jury could have found Jaime Leyva-Blanco committed the crime of felony violation of a no-contact order by finding either Leyva assaulted Isabel Trevino or

engaged in reckless conduct that created a substantial risk of death or serious physical injury to Trevino. According to Leyva, the State offered insufficient evidence to support the second of the alternate means for committing the crime—he engaged in reckless conduct that created a substantial risk of death or serious physical injury. The State responds that it elected to proceed only on the first of the two alternate means—assault. Leyva impliedly concedes that evidence supported an assault. He also concedes the State mentioned assault in its closing argument, but contends this court cannot be assured that the jurors understood they could not base their verdict on reckless conduct.

In its closing remarks, the State only contended that Jaime Leyva-Blanco assaulted Isabel Trevino. The State never suggested that Leyva engaged in reckless conduct that created a substantial risk of death or serious injury. We conclude that the State made an adequate election.

Interference with Reporting Domestic Violence

Jaime Leyva-Blanco argues that insufficient evidence supports the second and third alternative means for committing the crime of interference with reporting domestic violence—Leyva prevented or attempted to prevent Isabel Trevino from obtaining medical assistance or prevented or attempted to prevent Trevino from reporting to any law enforcement officer. We agree that the State presented no evidence to convict on these alternate means but conclude that the State elected to proceed solely on the means

9

of preventing or attempting to prevent Trevino from calling 911. In summation, the State

expressly mentioned that Leyva prevented Trevino from calling 911. The State never

asked the jury to convict on the other alternate grounds.

Community Custody Conditions

Substance Use Evaluation

Jaime Leyva-Blanco challenges the legality of the imposed community custody

condition requiring that he submit to a substance use disorder evaluation and possible

treatment. He asserts that the State never established that substance abuse caused any of

the crimes. The State concedes.

RCW 9.94A.703(3) gives trial courts authority to order certain discretionary

community custody conditions, some of which must be crime-related. Under RCW

9.94A.703(3)(c), a trial court possesses discretion to order that an offender "[p]articipate

in crime-related treatment or counseling services." Under RCW 9.94A.607(2):

> A trial court may order participation in rehabilitative programs,
> including chemical dependency evaluation or treatment, when the court
> finds a defendant has a chemical dependency that contributed to the
> offense.

A community custody condition is crime-related if the crime was "reasonably related" to

the condition. *State v. Irwin*, 191 Wn. App. 644, 656-59, 364 P.3d 830 (2015); *State v.*

*Kinzle*, 181 Wn. App. 774, 785, 326 P.3d 870 (2014).

We agree with both parties that the evidence does not support a finding that any substance abuse contributed to the crimes. The superior court should strike the community custody condition requiring an evaluation and possible treatment.

## Urinalysis

Jaime Leyva-Blanco challenges the legality of the imposed community custody condition requiring blood alcohol testing. He emphasizes that the court did not impose any alcohol prohibition that would necessitate monitoring. Leyva also contends the condition violates his constitutional right to privacy. The State concedes the court should remove the condition. We agree. Alcohol or other substance use did not contribute to the crimes.

## Association with Felons

Jaime Leyva-Blanco next attacks, on two grounds, the community custody condition preventing association with felons and drug users. First, the condition does not relate to his crimes as required by RCW 9.94A.703(3)(b). Second, the condition impermissibly interferes with his constitutional right to freedom of association. The State concedes. We agree.

The sentencing court possesses authority under RCW 9.94A.703(3)(b) to order that an offender refrain from direct or indirect contact with a class of individuals, but only to the extent the prohibition relates to a crime. *State v. Riles*, 135 Wn.2d 326, 350, 957

P.2d 655 (1998), *abrogated on other grounds by State v. Valencia*, 169 Wn.2d 782, 792, 239 P.3d 1059 (2010); *State v. Munoz-Rivera*, 190 Wn. App. 870, 893, 361 P.3d 182 (2015). Jaime Leyva-Blanco's association with other individuals did not contribute to his crimes.

Victim Penalty Assessment

Jaime Leyva-Blanco asks us to strike the victim penalty assessment levied against him because of a recent change in the law that bars the assessment on indigent offenders. The State takes no position on this challenge.

A change in this state's law took effect on July 1, 2023. Courts apply a new rule for the conduct of criminal prosecutions to all cases, state or federal, pending on direct review or not yet final. *In re Personal Restraint of Eastmond*, 173 Wn.2d 632, 638, 272 P.3d 188 (2012). Beginning on July 1, 2023, Washington courts are no longer permitted to impose victim penalty assessments on a defendant "if the court finds that the defendant is indigent at the time of sentencing." *See* LAWS of 2023 ch. 1169, §§ 1, 4. Additionally, "[u]pon motion, the court must waive any crime victim penalty assessment previously imposed against an adult defendant who does not have the ability to pay. A person does not have the ability to pay if the person is indigent." *See* LAWS of 2023 ch. 1169, §§ 1, 4.

Jaime Leyva-Blanco filed his notice of appeal on June 22, 2023. Therefore, his case was pending at the time the change in the law took effect. Leyva's judgment and

sentence reflects that the trial court found him to be indigent at the time of sentencing.

We direct that the victim penalty assessment be stricken.

CONCLUSIONS

We affirm Jaime Leyva-Blanco's convictions for felony violation of a no-contact order and interference with domestic violence reporting. We remand to the superior court to strike the community custody conditions requiring a substance abuse evaluation and urinalysis and prohibiting contact with felons. We also remand for the superior court to strike the victim penalty assessment.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_Fearing, J._
Fearing, J.

WE CONCUR:

_Cooney_
Cooney, J.

_____
Murphy, J.

13