IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 39561-8-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BILLY JEAN NEAL, JR., | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

FEARING, J. — On resentencing, the superior court sentenced Billy Jean Neal, Jr. (Billy Neal), who committed three homicides at age 19, to 480 months to life on the two aggravated first degree murder charges and 344 months on the first degree murder charge. We reverse the sentence for the aggravated first degree murder convictions and remand for a second resentencing because the resentencing court imposed an indeterminate sentence of 480 months to life on a 19-year-old after finding Neal to have acted with youthful immaturity. We also remand for the superior court to strike a $500 victim penalty assessment (VPA) and a $100 DNA collection fee.

FACTS

Billy Neal was born June 26, 1979. On December 31, 1998, when Neal was 19 years of age, he and his father killed three people.

On April 23, 2001, the State of Washington charged Billy Neal, in a third amended information, with two counts of aggravated murder in the first degree (counts 1 and 2) and one count of first degree murder (count 3) for the killings. Neal pled guilty to the crimes that same day. Also, on April 23, the superior court sentenced Neal to a life sentence without the possibility of parole for counts 1 and 2. The court imposed a prison sentence of 344 months on count 3.

PROCEDURE

On June 28, 2021, Billy Neal moved for resentencing in accordance with the Washington Supreme Court's recent decision in *In re Personal Restraint of Monschke*, 197 Wn.2d 305, 482 P.3d 276 (2021). On October 8, 2021, the resentencing court granted the motion. During resentencing, the trial court found that the acts of Neal "were not those of an irreparably corrupt, permanently incorrigible youth." Rep. of Proc. (RP) at 153. The court further stated:

> The Court finds that, when considering the mitigating factors that account for the diminished capacity of youth, that a minimum sentence of 480 months for Counts 1 and 2, the aggravated murder charges, and a maximum of life is appropriate.

RP at 153. In addition to sentencing Neal to 480 months to life on counts 1 and 2, the resentencing court sentenced him to 344 months on count 3 and imposed a $500 VPA and $100 DNA collection fee. The court found Neal indigent at the time of sentencing.

On October 11, 2023, after Billy Neal appealed his 2021 sentence, the State filed a motion to stay appeal proceedings due to *State v. Carter*, 3 Wn.3d 198, 548 P.3d 935 (2024) pending before the Washington State Supreme Court. This court entered a stay but lifted the stay when the Supreme Court filed its decision in *State v. Carter*, 3 Wn.3d 198 (2024). Neal thereafter filed a supplemental appeal brief that addressed the applicability of *State v. Carter*.

## LAW AND ANALYSIS

On appeal, Billy Neal challenges his resentencing that includes the possibility of life without parole in prison. He further attacks the imposition of a VPA and a DNA collection fee. We accept Neal's challenges.

## Life Without Parole

Billy Neal argues that the recent Washington Supreme Court decision in *State v. Carter*, 3 Wn.3d 198 (2024), invalidates his indeterminate sentence for his aggravated murder convictions. Neal asserts that the resentencing court sentenced him to a de facto life without parole sentence because of the lack of a mechanism to release him on parole after 480 months of incarceration. Neal emphasizes the resentencing court's finding that his offenses reflected the acts of youthful immaturity, impetuosity, and a failure to appreciate risks and consequences. According to Neal, the constitution and the Supreme Court's decision in *State v. Carter*, 3 Wn.3d 198 (2024), prohibit a life without parole

sentence for such an offender.  The State concedes this issue and joins Neal in asking for resentencing.  We grant the parties' request.

In *State v. Carter*, 3 Wn.3d 198 (2024), Kimonti Carter and Shawn Reite committed aggravated first degree murder at the respective ages of 18 and 20. The trial court sentenced both Carter and Reite to life without parole.  Pursuant to a personal restraint petition seeking resentencing, Carter and Reite argued that the Cruel Punishment Clause and Washington State Supreme Court's decision, in *In re Pers. Restraint of Monschke*, 197 3 Wn.3d 305 (2021), precluded mandatory indeterminate sentences for persons 18 to 20 years of age.  The resentencing court considered Carter and Reite's mitigating qualities of youth and their demonstrated commitment to change before resentencing them to determinate sentences.  The State appealed the decisions, while arguing that no statute authorized a determinate sentence for aggravated first degree murder.  The Washington State Supreme Court framed the issue for review as whether the resentencing court had the authority to impose determinate sentences for aggravated first degree murder.

RCW 10.95.030(1) provides that "any person convicted of the crime of aggravated first degree murder shall be sentenced to life imprisonment without possibility of release or parole."  In *State v. Carter*, 3 Wn.3d 198, 213 (2024), the parties agreed that, according to *In re Pers. Restraint of Monschke*, 197 Wn.2d 305 (2021),

4

RCW 10.95.030(1) is invalid for someone 18 to 20 years old because it prevents the trial court from considering mitigating qualities of youth. The parties disagreed about what language they would sever from the statute. By agreeing with Carter and Reite's proposed wording of the statute, the Supreme Court agreed that "may" should be used in the statute instead of "shall." *State v. Carter*, 3 Wn. 3d 198, 219 (2024).

Under RCW 10.95.030(1), the court has the discretion to impose a life without parole sentence or anything less for first degree aggravated murder. Constitutional principles prohibit a life without parole sentence for someone who committed first degree aggravated murder between ages 18 and 20 if the sentencing court determines that the offense occurred in part because of the mitigating qualities of youth.

Billy Neal's resentencing court imposed an indeterminate sentence of 480 months to life for the first degree aggravated murder convictions. In imposing this sentence, the court found Neal's youth to be a mitigating factor. Due to this finding, the court could not impose an indeterminate sentence for the crimes. The parties agree that a minimum sentence of 480 months with an accompanying maximum sentence of life functions as an indeterminate sentence.

Billy Neal goes further and argues that the court imposed a de facto life sentence on him at 19 years of age, an unconstitutional sentence. Therefore, he must be resentenced. The State disagrees. We have already concluded that, under *State v. Carter*,

3 Wn.3d 198, 213 (2024), remand is necessary to resentence Neal. On remand, Neal and the State may litigate this question.

## VPA and DNA Fees

Billy Neal argues that, because of his indigency, a change in state law demands the striking of the VPA and DNA collection fee. Therefore, according to Neal, this court must strike the $100 DNA fee and $500 VPA fee imposed on him by the resentencing court. The State does not assert any argument in response. We agree with Neal.

A change in this state's law on criminal procedure took effect on July 1, 2023. Beginning on July 1, 2023, Washington courts may no longer impose a VPA on a defendant "if the court finds that the defendant is indigent at the time of sentencing." RCW 7.68.035(4). *See* Laws of 2023 ch. 449, § 1(4). Additionally, "[u]pon motion, the court must waive any crime victim penalty assessment previously imposed against an adult defendant who does not have the ability to pay. A person does not have the ability to pay if the person is indigent." RCW 7.68.035(4). *See* Laws of 2023 ch. 449, § 1(4). "Upon motion by the offender, the court shall waive any fee for the collection of the offender's DNA imposed prior to the effective date of this section." RCW 7.68.035(4). *See* Laws of 2023 ch. 449, § 4,5 (b). "The DNA database fee is eliminated."

Courts apply a new rule for the conduct of criminal prosecutions to all cases, state or federal, pending on direct review or not yet final. *In re Personal Restraint of*

*Eastmond*, 173 Wn.2d 632, 638, 272 P.3d 188 (2012).  Because this matter is not yet final, the changes in the law apply.  The VPA must be stricken because the resentencing court found Billy Neal indigent at the time of resentencing.  The DNA fee must also be stricken because imposition of that fee is no longer permitted, regardless of the offender's indigency status.

### Statement of Additional Grounds

In a statement of additional grounds, Billy Neal challenges the State's filing of the Membership Validation Report of Department of Corrections three days before his resentencing hearing because the submission (1) was untimely and (2) unduly prejudiced his presentation of evidence at the time of resentencing.  Neal cites to no caselaw or legal authority supporting his arguments.  We will not entertain an argument not supported by authority or inadequately argued.  *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992); *State v. Elliott*, 114 Wn.2d 6, 15, 785 P.2d 440 (1990).

### CONCLUSION

We remand for resentencing consistent with this opinion.  On remand, the resentencing court should strike the VPA and the DNA collection fee.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

No. 39561-8-III
*State v. Neal*

_____
Fearing, J.

WE CONCUR:

_____
Cooney, J.

_____
Staab, A.C.J.